**John MORTENSEN, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**AMERICREDIT CORP., et al., Defendants.**

**No. Civ.A. 3:99CV0789D.**

United States District Court, N.D. Texas, Dallas Division.

Dec. 22, 1999.

Brian Murray, Rabin & Peckel, New York City, Thomas M. Melsheimer, Nancy Horton Burke, Fish & Richardson, Dallas, TX, for plaintiffs.

Stephen S. Maris, Jenkens & Gilchrist, Dallas, TX, for defendants.

### ORDER

FITZWATER, District Judge.

In this securities fraud action that follows the January 13, 1999 decision of defendant AmeriCredit Corp. ("AmeriCredit") to restate its financial results for the second, third, and fourth quarters of fiscal year 1997, all quarters of fiscal year 1998, and the first quarter of fiscal year 1999 based on its decision to calculate earnings using the cash-out rather than the cash-in method under FASB Statement No. 125 for valuing credit enhancement assets, the court concludes on defendants' motion to dismiss that plaintiffs have failed to plead scienter in the manner required by Fed. R.Civ.P. 9(b) and 12(b)(6) and the PSLRA.[1] The court grants defendants' motion and directs plaintiffs to replead no later than February 1, 2000.[2]

Plaintiffs[3] allege that AmeriCredit engaged in a scheme to defraud, in violation of § 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Securities and Exchange Commission ("SEC") Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b–5 (1998), by issuing false and materially misleading press releases regarding, and financial statements and SEC filings for, the second, third, and fourth quarters of fiscal year 1997, all quarters of fiscal year 1998, and the first quarter of fiscal year 1999. They seek to hold three individual defendants[4] liable individually and as controlling persons under § 20(a) of the Exchange Act, 15 U.S.C. § 78t(a). Plaintiffs expressly attempt to plead scienter based on motive and opportunity, and apparently seek to do so based on conscious behavior or severe recklessness.

■ Plaintiffs' motive allegation is set out in the following single paragraph of their 62–paragraph complaint:

AmeriCredit sold $125 million of 9¼ Senior Notes (due 2004), to certain institu-

---

1. Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u–4.

2. The Civil Justice Expense and Delay Reduction Plan adopted by this court provides that "[e]ach judge will continue to give priority to the monitoring and resolution of pending motions." Plan at 12 (May 1998 Rev.). In order to eliminate undue delay and unnecessary expense to the parties to this and other civil actions pending on the court's docket, and because the court has determined that the motion is suitable for resolution in this manner, the court is deciding this motion by order rather than by a more detailed memorandum opinion. Moreover, in prior cases decided under the PSLRA the court has permitted plaintiffs to replead when it has granted a motion to dismiss an original complaint. See, e.g., Coates v. Heartland Wireless Communications, Inc., 26 F.Supp.2d 910, 923 (N.D.Tex.

1998) (Fitzwater, J.). Under the circumstances of the present case, the court sees no need to write at length concerning a complaint that will be superseded and perhaps challenged anew.

3. Plaintiff John Mortensen ("Mortensen") brings this case as a class action on behalf of himself and others similarly situated. By order dated August 9, 1999 the court appointed Mortensen and Philip Katz as lead plaintiffs.

4. Clifton H. Morris, Jr., Chairman of the Board of Directors and Chief Executive Officer of AmeriCredit, Daniel E. Berce, Vice Chairman, Chief Financial Officer, and a Director of AmeriCredit, and Michael R. Barrington, Vice Chairman, President, Chief Operating Officer, and a Director of AmeriCredit.

tional buyers in February 1997. The artificially inflated financial results AmeriCredit reported during the Class Period enabled AmeriCredit to issue the Senior Notes on more favorable terms to itself.

Compl. ¶ 52. This assertion of motive is deficient as an attempt to plead scienter based on a desire to raise capital. *See, e.g., Coates v. Heartland Wireless Communications, Inc.,* 55 F.Supp.2d 628, 644 (N.D.Tex.1999) (*"Coates II"*) (Fitzwater, J.).[5] It is an unsupported, generalized allegation of motive that is insufficient as a matter of law. *Coates v. Heartland Wireless Communications, Inc.,* 26 F.Supp.2d 910, 919 (N.D.Tex.1998) (Fitzwater, J.). Plaintiffs must replead to assert specific facts that raise a strong inference of fraud. *Coates II,* 55 F.Supp.2d at 642.

■ Plaintiffs' effort to plead scienter based on conscious behavior or severe recklessness fares no better. In the pertinent part of their response to defendants' motion to dismiss, plaintiffs do not cite a single place in their complaint that they contend alleges scienter based on conscious behavior or severe recklessness. *See* Ps.Mem. at 14–18. Instead, they appear to rely only on motive and opportunity. *Cf.* Compl. ¶¶ 52–59 (pleading "Defendants' Scienter" under the subheadings "Defendants Had The Motive to Commit Fraud" and "Defendants Had the Opportunity to Commit Fraud"). Assuming that the complaint can be read to plead scienter based on conscious behavior or severe recklessness, plaintiffs argue that they have adequately pleaded intent to defraud because AmeriCredit intentionally chose to violate GAAP[6] in order to maximize its earnings. Ps.Mem. at 14. They attempt to distinguish the usual rule—GAAP violations do not of themselves raise a strong

inference of fraud—on the premise that AmeriCredit deliberately chose, with fraudulent intent, to violate GAAP.

Plaintiffs have failed adequately to plead scienter on this basis. If the complaint in fact asserts scienter based on conscious behavior or severe recklessness, the allegations are contained in ¶¶ 49 and 50, in which plaintiffs allege as follows:

Only the cash-out method and not the cash-in method is consistent with the definition of fair value for AmeriCredit's credit enhancement assets. In estimating fair value, the expected cash flows should have been discounted from the period in which AmeriCredit expected to receive the cash, thus taking into consideration the period of time the asset is restricted.

Compl. ¶ 49.

By restating its operating results to reflect the use of the cash-out method, rather than the cash-in method previously used, defendants admitted that the use of the cash-in method did not estimate the fair value of the assets and that the financial statements were not presented in accordance with GAAP.

*Id.* ¶ 50. Nothing in these paragraphs (or otherwise in the complaint) is a specific fact that supports the conclusory contention that AmeriCredit intentionally or recklessly chose to violate GAAP (as opposed to, for example, making an error in accounting judgment); that it was known by others in the industry that use of the cash-in method violated GAAP; or that AmeriCredit's independent auditor objected to or even questioned AmeriCredit's use of the cash-in method.[7] *Cf. Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1020–21 (5th Cir.1996) (holding that complaint did not adequately plead scienter despite allegations that defendants published earnings that violated GAAP and

---

5. Plaintiffs also allege that defendants had the opportunity to commit fraud. *Id.* ¶ 53. As the court held in *Coates II,* because plaintiffs have not adequately pleaded motive, the court need not address whether they have sufficiently pleaded defendants' opportunity to commit fraud.

6. Generally Accepted Accounting Principles.

7. The court does not suggest that rote recitation of these examples in an amended complaint would be sufficient to plead scienter.

defendants changed auditors because they insisted that earnings be restated). GAAP "is a term of art encompassing a wide range of acceptable procedures, such that 'an ethical, reasonably diligent accountant may choose to apply any of a variety of acceptable accounting procedures when that accountant prepares a financial statement.'" *Id.* at 1021. If, as plaintiffs allege, "[o]nly the cash-out method and not the cash-in method is consistent with the definition of fair value for AmeriCredit's credit enhancement assets," plaintiffs should be able to plead specific facts that show that AmeriCredit and the individual defendants were so out of step with how others in the industry (or similar businesses) reported earnings as to lead to a strong inference of fraud. Plaintiffs must replead scienter based on conscious behavior or severe recklessness.

■ Defendants also complain that plaintiffs have failed to plead adequately that the individual defendants acted with scienter. Although plaintiffs respond with a captain of the ship metaphor, *see* Ps. Mem. at 23, they do not demonstrate how their complaint adequately pleads the scienter of each individual defendant (apart from their liability as controlling persons under § 20(a) of the Exchange Act). Instead, plaintiffs appear to rely generally on these defendants' signatures on financial reports and their positions with AmeriCredit. The assertion that these defendants acted with scienter because they intentionally chose and/or approved AmeriCredit's use of the cash-in method is also insufficient for the reasons explained above.

Accordingly, defendants' motion to dismiss is granted. Plaintiffs are directed to file an amended complaint no later than February 1, 2000 that pleads scienter in compliance with Rules 9(b) and 12(b)(6) and the PSLRA.

**SO ORDERED.**